IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| E-Z-DOCK, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No.1:21-cv-02761-TWP-DML |
| SNAP DOCK DEFENDANT, LLC, | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT SNAP DOCK, LLC'S MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO SUSPEND ALL REMAINING DEADLINES PENDING RESOLUTION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 26(c), (d) and the Court's inherent power to manage its docket, Defendant Snap Dock, LLC ("Defendant" or "Snap Dock") respectfully moves the Court to suspend all remaining discovery, expert, and pretrial deadlines in this patent infringement action until the Court decides Snap Dock's fully-briefed summary judgment motion for non-infringement. (Dkts. 75, 76.) The motion is dispositive of the entire case. No further discovery is required to decide Snap Dock's summary judgment motion, and Plaintiff E-Z-Dock, Inc. ("E-Z-Dock") did not request additional discovery. Snap Dock's summary judgment motion is strong; it proves that Snap Dock's accused product is missing multiple patent claim elements. A finding by this Court that just one claim element is missing means that the case is over.

All three relevant "stay" factors strongly support staying the case deadlines, which will benefit the Court and both parties as discussed below.

**BACKGROUND**

E-Z-Dock's patent infringement contentions allege that the Snap Port product infringes

1

only one claim of the '178 patent – claim 29. (Dkt. 67; Dkt. 67-1.) Claim 29 claims a modular docking port having a bow stop that is separate from and mountable to the port member. (Dkt. 078; Leach Decl., Ex. 8 at 16:26-46.) Claim 29 also requires that at least a portion of the separate bow stop's bottom surface is shaped complementarily to the port member's top surface. (Dkt. 078; Leach Decl., Ex. 8 at 16:41-46.) And the shape of the bow stop's bottom surface is further defined by what it must do—it close the opening to the port member's cradle (top surface of the port) at the front of the port member. (Dkt. 078; Leach Decl., Ex. 8 at 16:41-46.)

As shown in Snap Dock's summary judgment motion, none of these claim elements are found in the accused Snap Port product. (*See* Dkts. 76; Dkt. 80.) The accused Snap Port product does not have a separate bow stop, it is integrally molded with the port. (Dkt. 76 at 20-25, Dkt. 80 at 1-4.) Because the Snap Port bow stop is integral—not separate from the port—it does not have a bottom surface, let alone a bottom surface that is shaped complementary to the port's cradle *such that* it can close the opening to the cradle. (Dkt. 76 at26-30; Dkt. 80 at 4-12.)  And it does not close the cradle opening at the front of the port member. (*Id*.) Infringement is impossible.

## ARGUMENT

### I.      Legal Standard

A court may issue a stay to protect parties from undue burden or expense, limit the scope of discovery, or order discovery be conducted in a particular sequence. Fed. R. Civ. P. 26(c), (d). Moreover, this Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *1500 5th St. v. Universal Mfg. Co.*, No. 1:18-cv-01242-JPH-MPB, 2021 U.S. Dist. LEXIS 203610, at *6 (S.D. Ind. Mar. 12, 2021) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). The party seeking the stay has the burden of establishing the need for the stay to be granted. *Estimating Grp. LLC v. Rickey Conradt, Inc.*, No. 1:19-cv-00586-RLY-DLP, 2019 U.S.

Dist. LEXIS 111263, at *1 (S.D. Ind. July 3, 2019) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997)). A stay of discovery is "often appropriate where a pending dispositive motion can resolve the case and where 'requested discovery is unlikely to produce facts necessary to defeat the motion." *6100 Pac., LLC v. CWI, Inc.*, No. 3:17-cv-00153-RLY-MPB, 2018 U.S. Dist. LEXIS 110415, at *2 (S.D. Ind. Mar. 16, 2018) (quoting *Sprague v. Brook*, 149 F.R.D. 575, 577 (N.D. Ill. 1993)).

In determining whether to grant a stay, courts in this district weigh three factors "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the Court." *Estimating Grp. LLC v. Rickey Conradt, Inc.*, No. 1:19-cv-00586-RLY-DLP, 2019 U.S. Dist. LEXIS 111263, at *1-2 (S.D. Ind. July 3, 2019) (quoting *Irving Materials, Inc. v. Zurich Am. Ins. Co.*, No. 1:03-cv-0361-SEB-TAB, 2008 U.S. Dist. LEXIS 36834, 2008 WL 1971468, at *2 (S.D. Ind. May 5, 2008)). In addition to these three factors, courts consider if litigation is in the early stages. *Knauf Insulation, LLC v. Johns Manville Corp.*, No. 1:15-cv-00111-TWP-MJD, 2020 U.S. Dist. LEXIS 131193, at *8 (S.D. Ind. July 24, 2020) (citing *Endotach LLC v. Cook Med., Inc.*, 2014 U.S. Dist. LEXIS 27802, at *8 (S.D. Ind. Mar. 5, 2014)).

II. **The Case Should be Stayed Until The Court Rules On Snap Dock's Case-Dispositive Motion for Summary Judgment of Non-Infringement.**

A. **A stay of remaining deadlines will not unduly prejudice or tactically disadvantage E-Z-Dock.**

A stay of the remaining deadlines will not unduly prejudice or tactically disadvantage E-Z-Dock. E-Z-Dock did not move for a preliminary injunction. It filed this case in the wrong venue knowing a motion to dismiss or transfer would cause delay. It has not noticed or scheduled any

depositions. And E-Z-Dock has not produced any documents. Importantly, in response to Snap Dock's summary judgment motion, E-Z-Dock did not seek additional discovery or invoke Federal Rule of Civil Procedure 56(d) as a basis to gain further discovery.

Given the stage of the case, a short delay while the court decides a case-dispositive motion will not prejudice E-Z-Dock. S*ee, e.g., 6100 Pac., LLC v. CWI, Inc.*, No. 3:17-cv-00153-RLY-MPB, 2018 U.S. Dist. LEXIS 110415, at *2-4 (finding the three factors supported staying discovery while the court decides summary judgment and noting that it is well settled that conducting discovery while a dispositive motion is pending is generally inappropriate"); *Mortar Net USA Ltd. v. Hohmann & Barnard, Inc.*, No. 2:12-CV-215-JVB-PRC, 2013 U.S. Dist. LEXIS 206590 (N.D. Ind. June 7, 2013) (granting a joint motion to stay discovery as discovery was only in its infancy in the case, no deposition notices had been served, the discovery served by plaintiff had not been actively pursued, and no discovery was necessary for plaintiff to respond to summary judgment); *see also King Sheng Co. v. Hollywood Eng'g, Inc.*, No. 1:16-cv-3256-WTL-MPB, 2018 U.S. Dist. LEXIS 20742 (S.D. Ind. Feb. 8, 2018) (granting in part defendant's motion to stay pending reexamination of the patent at issue in which the parties had commenced written discovery and document production, and a motion for partial summary judgment had been filed, but the parties had not yet briefed any claim construction issues). This factor weighs strongly in favor of staying the case deadlines pending the Court's decision on summary judgment.

  **B.**  **Staying the remaining deadlines will simplify the issues and streamline the trial as Snap Dock's Motion for Summary Judgment is fully dispositive.**

Snap Dock's motion for summary judgment is fully dispositive of the only claim at issue in this case. It has been "well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *6100 Pac., LLC v. CWI, Inc.*, No. 3:17-cv-00153-RLY-MPB, 2018 U.S. Dist. LEXIS 110415, at *4

(S.D. Ind. Mar. 16, 2018) (citing *Chavous v. D.C. Fin. Responsibility & Mgt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citations omitted)). In the interest of serving judicial economy, District Courts in the Seventh Circuit have stayed cases pending dispositive motions. *See, e.g. Fralish v. Beacon Health Sys.*, No. 3:20-CV-917-MGG, 2021 U.S. Dist. LEXIS 255557, at *5 (N.D. Ind. Oct. 1, 2021) (finding "judicial economy militates in favor of" granting the defendant's motion to stay pending a ruling on a motion to dismiss in a related case)*; Hardimon v. SCF Lewis & Clark Fleeting LLC*, No. 21-cv-298-RJD, 2022 U.S. Dist. LEXIS 68628, at *8-9  (S.D. Ill. Apr. 13, 2022) (granting a stay of discovery pending a ruling on defendant's motion to dismiss as the motion to dismiss may dispose of the instance case and the plaintiff "failed to show that additional discovery is needed to oppose the motion, or that they will suffer prejudice"). If the Court grants Snap Dock's motion for summary judgment the case is over. This is the epitome of simplification. And Snap Dock's motion provides no less than three independent reasons the Court could grant its motion. This factor weighs strongly in favor of staying the case deadlines pending the Court's decision on summary judgment.

     **C.**     **Staying the remaining deadlines will reduce the burden of litigation on the parties and the Court.**

Finally, staying the remaining deadlines will reduce the burden of litigation on both the parties and the Court. *See Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (quoting *Coastal States Gas Corp. v. Department of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979)). To date, E-Z-Dock has only served one set of document requests and interrogatories on Snap Dock. (*See* Ex. 1) And it has not followed up on those requests since April 8, 2022. (*Id.*) No documents have been processed or exchanged and no

depositions have been noticed, scheduled, or taken. Thus, this case is at its infancy and much work remains, not to mention expert reports, expert depositions, and pretrial submissions. All this work can be avoided if the Court grants Snap Dock's summary judgment motion. Thus, staying the remaining deadlines while the Court decides Snap Dock's summary judgment motion will reduce the burden of litigation on the parties and the Court. This factor strongly favors staying the remaining deadlines.

## CONCLUSION

Defendant respectfully requests that this Court grant this Motion and suspend all remaining deadlines pending the ruling on Snap Dock's fully briefed motion for summary judgment of non-infringement.

Date: July 29, 2022

Respectfully submitted,

/s/ Thomas J. Leach
   MERCHANT & GOULD P.C.
   Anthony R. Zeuli (Pro Hac Vice)
   E-mail: tzeuli@merchantgould.com
   Thomas J. Leach (Pro Hac Vice)
   E-mail: tleach@merchantgould.com
   Joseph W. Dubis (Pro Hac Vice)
   Email: jdubis@merchantgould.com 150
   South Fifth Street, Suite 2200
   Minneapolis, MN 55402
   Telephone: (612) 332-5300

   AND

   Daniel J. Lueders
   Email: dlueders@uspantent.com
   Charles J. Meyer
   Email: cjmeyer@uspatent.com
   WOODARD, EMHARDT,

HENRY, REEVES & WAGNER, LLP
111 Monument Circle, Suite 3700
Indianapolis, IN 46204-5137
Telephone: (317) 634-3456
Fax: (317) 637-7561

***Attorneys for Defendant Snap Dock, LLC***