UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| E-Z DOCK, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cv-02761-TWP-DML ) |
| SNAP DOCK, LLC, | ) ) |
| Defendant. | ) |

# Order Denying Motion to Suspend All Remaining Case Deadlines (Dkt. 81)

On June 9, 2022, defendant Snap Dock filed a motion for summary judgment, seeking judgment as a matter of law that it has not infringed plaintiff E-Z Dock's patent (Dkt. 75). Shortly thereafter, it filed a motion to suspend all remaining case deadlines pending the court's ruling on its motion for summary judgment (Dkt. 81).

As this court has explained many times, it has wide discretion in case management, and a decision whether to stay a case depends entirely on the circumstances of the case. There is no general rule that a case will be stayed pending the court's decision on a motion. *See, e.g., Roche Diagnostics Corp. v. Binson's Hosp. Supplies, Inc.,* 2017 WL 11573558 at *2 (S.D. Ind. Aug. 11, 2017). This case presents compelling reasons for denying a stay.

On December 9, 2021, the court entered the case management plan following an initial pretrial conference (Dkt. 46). The CMP includes, among other things, a

liability (fact and expert) discovery deadline of October 31, 2022, expert disclosure deadlines of August 29, 2022, and September 29, 2022, and a summary judgment deadline of April 3, 2023. The CMP also expressly provides that absent leave of court for good cause shown, all summary judgment issues must be raised by a party in a single motion. It is also noteworthy that several years ago this court replaced its uniform patent case management plan that provided for separate stages for discovery and briefing of the patent issues (*e.g.*, claims construction, infringement, invalidity) in favor of the current uniform plan that creates a single set of deadlines for discovery, expert development, and summary judgment briefing.

Despite this unified schedule, defendant Snap Dock has chosen to file its single permitted summary judgment motion well before the deadlines for discovery, expert disclosures, and summary judgment motions. The court does not agree with E-Z Dock that the early filing violates the briefing schedule adopted in the case management plan,[1] but it does find that Snap Dock's request to suspend all other deadlines in this case pending a ruling on its summary judgment motion is an attempted end-run around the orderly progression for patent cases that this court has adopted. Moreover, the court finds revealing E-Z Dock's undisputed contention that Snap Dock has not produced a single document in response to requests served in early February 2022, instead filing an "early" summary judgment motion and

---

[1]  But if Snap Dock has assumed it can later file a summary judgment motion on other issues if its current motion is denied, it has made a miscalculation. *See* Dkt. 46 § D.

2

asking to halt discovery, including discovery that was due well before the motion to suspend was filed.

For these reasons, the motion to suspend deadlines is **DENIED**.

IT IS SO ORDERED.

Date: August 24, 2022

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system