IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| E-Z-DOCK, INC., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> SNAP DOCK, LLC, <br><br> Defendant/Counter-Plaintiff | Case No. 1:21-cv-02761-TWP-KMB <br><br> JURY TRIAL DEMANDED |

**EZ DOCK'S RULE 30(D)(3) MOTION FOR
<u>PROTECTIVE ORDER TO LIMIT SCOPE OF DEPOSITIONS</u>**

Brian C. Bianco
Julia R. Lissner
Thomas Fullerton
AKERMAN LLP
71 South Wacker Drive
46th Floor
Chicago, IL 60606
Tel: (312) 634-5700
Fax: (312) 424-1905
brian.bianco@akerman.com
julia.lissner@akerman.com
thomas.fullerton@akerman.com

*Counsel for Plaintiff/Counter-Defendant
E-Z-Dock, Inc.*

Pursuant to Federal Rules of Civil Procedure 26(c) and 30(d)(3), Plaintiff/Counter-Defendant E-Z-Dock, Inc. ("EZ Dock") respectfully moves this Court for a protective order to limit the scope of Defendant/Counter-Plaintiff Snap Dock, LLC's ("Snap Dock") depositions in this case to exclude lines of questioning concerning a different trade dress case in Florida and to specifically exclude questions regarding EZ Dock's dog bone-shaped dock coupler product and its shape, function, and use. In support of this motion, EZ Dock states as follows:

A.  **Background on this Case and a Different Case in Florida**

1. This intellectual property case originated in the Middle District of Florida, where EZ Dock's complaint against Snap Dock and a second defendant (Golden Manufacturing, Inc. ("Golden")) included patent infringement and trade dress infringement claims. *See* ECF No. 1.

2. In October 2021, the Florida court severed the patent infringement claim against Snap Dock and transferred it to this Court. *See* ECF Nos. 7-8. The patent infringement claim against Golden and the trade dress infringement claims against Snap Dock and Golden remained in Florida. *See* ECF Nos. 5, 7.

3. In the case now before this Court, EZ Dock seeks to protect its intellectual property rights in U.S. Patent No. 7,918,178 (the "'178 Patent")) from the ongoing infringement of Snap Dock's Snap Port product. *See* ECF No. 1 at Count II; *see also* ECF Nos. 21, 41.

4. In contrast, in the Florida case, currently at-issue are EZ Dock's trade dress rights in its dog bone-shaped dock coupler product, including whether EZ Dock can meet its burden of proving that its alleged trade dress is non-functional. *See, e.g.,* M.D. Fl. Case No. 2:21-cv-350 at ECF No. 70. Among other reasons, the arbitrary curves of the dog bone coupler demonstrate that the dog bone coupler is non-functional. *See id.*

5. On September 9, 2022, the Florida court granted Snap Dock's Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings and dismissed EZ Dock's trade dress infringement claims against Snap Dock. *See* M.D. Fl. Case No. 2:21-cv-350 at ECF No. 63.[1] On October 10, 2022, EZ Dock filed a Rule 59(e) motion to reconsider and vacate the Florida court's dismissal. *See id.* at ECF No. 70. In support of that pending motion, EZ Dock submitted declarations from an EZ Dock engineer and an EZ Dock expert, Richard Hepburn, who is also serving as an EZ Dock expert in this Indiana case. *See id.*

6. The functionality of EZ Dock's dog bone-shaped dock coupler product, and the operation of the specific curves of the dog bone coupler, are directly at issue in the Florida case. *See id.* If the Florida courts grants EZ Dock's pending Rule 59(e) motion, discovery in the Florida case will re-commence and functionality will be directly at issue in that case. If the Florida court does not grant EZ Dock's pending Rule 59(e) motion, the Florida case will be appealed to the Federal Circuit. *See* M.D. Fl. Case No. 2:21-cv-350 at ECF No. 72. Regardless, the functionality of the dog bone-shaped dock coupler product is directly at issue in the Florida case and will continue to be at issue in that case moving forward.

7. Unlike the Florida case, the structure, function, and operation of EZ Dock's dog bone-shaped dock coupler is not at issue in this Indiana case.

### B. Snap Dock's Recent Depositions of EZ Dock Witnesses

#### 1. Curtis Downs

8. In this case, on December 19, 2022, counsel for Snap Dock took the deposition of Curtis Downs, a third party witness. Mr. Downs is a former EZ Dock employee and one of the inventors of the '178 Patent-in-suit in this case.

---

[1] Snap Dock's co-defendant in the Florida case, Golden, had previously elected to settle the Florida case with EZ Dock. *See id.* at ECF Nos. 54-55.

9. During that deposition, Snap Dock's counsel, Tom Leach, attempted to use the deposition to ask questions about the functionality of the dog bone-shaped dock coupler product, its arbitrary curves, purpose, function, and operation. All of these questions were asked in a bad faith attempt to use the deposition of Mr. Downs in this case to obtain testimony and information related to the trade dress issues in the Florida case.

10. Counsel for EZ Dock, Brian Bianco, asked Mr. Leach to identify how his questions pertained to the issues in this case, and Mr. Leach refused to do so. EZ Dock's counsel thereafter instructed Mr. Downs to not answer any further questions related to the functionality of the dog bone-shaped dock coupler product.

11. Snap Dock's proceeded to ask questions on other topics at issue in this case and used the entire seven hours allotted in Rule 30(d)(1).

2. **Dustin Imel**

12. In this case, on December 20, 2022, counsel for Snap Dock took the deposition of Dustin Imel, another third party witness. Mr. Imel is a former EZ Dock employee and the second inventor of the '178 Patent-in-suit in this case.

13. During that deposition, Snap Dock's counsel, Mr. Leach, again attempted to use the deposition to ask questions about the functionality of the dog bone-shaped dock coupler product, its arbitrary curves, purpose, function, and operation. All of these questions were again asked in a bad faith attempt to use the deposition of Mr. Imel in this case to obtain testimony and information related to the trade dress issues in the Florida case.

14. EZ Dock's counsel, Mr. Bianco, thereafter instructed Mr. Imel to not answer any further questions related to the functionality of the dog bone-shaped dock coupler product.

15. Snap Dock's counsel then proceeded to ask questions on other topics at issue in this case and used the entire seven hours allotted in Rule 30(d)(1).

### 3. Richard Hepburn

16. In this case, on December 22, 2022, counsel for Snap Dock took the deposition of EZ Dock's liability expert in this case, Richard Hepburn. Mr. Hepburn issued expert reports related to Snap Dock's infringement of the '178 Patent-in-suit and the validity of that patent, and he provided a declaration in support of EZ Dock's opposition to Snap Dock's unsuccessful motion for summary judgment. *See, e.g.,* ECF No. 79. All of Mr. Hepburn's opinions in this case pertain to the accused product in this case (the Snap Dock Snap Port) and the patent-in-suit (the '178 Patent). Mr. Hepburn has not offered any opinions in this case about the shape of the dog bone coupler, its structure, function, or operation.

17. However, in the Florida case, Mr. Hepburn provided a detailed technical declaration regarding the non-functionality of the dog bone-shaped dock coupler product. *See* M.D. Fl. Case No. 2:21-cv-350 at ECF No. 70.

18. During yesterday's deposition of Mr. Hepburn in this Indiana case, Snap Dock's counsel, Mr. Leach, once again attempted to use the deposition to ask questions about the functionality of the dog bone-shaped dock coupler product, its arbitrary curves, purpose, function, and operation. All of these questions were again asked in a bad faith attempt to use the deposition of Mr. Hepburn in this case to obtain testimony and information related to the trade dress issues in the Florida case and Mr. Hepburn's declaration in the Florida case (*see id.*).

19. EZ Dock's counsel, Mr. Bianco, thereafter instructed Mr. Hepburn to not answer any questions related to the functionality of the dog bone-shaped dock coupler product.

4

20. During Mr. Hepburn's deposition, EZ Dock and Snap Dock's counsel subsequently attempted to call the Magistrate Judge, pursuant to Local Rules 30(c) and 37-1(a), in an effort to resolve this issue, among others, prior to formal motion practice. However, after being on hold with the Court for approximately 40 minutes, Snap Dock's counsel decided to move on with the deposition without the disputed line of questioning. Snap Dock's counsel then proceeded to ask questions on other topics at issue in this case and used the entire 7 hours allotted in Rule 30(d)(1).

    **C.**    **EZ Dock's Request for Protective Order**

21. In all three of the recent depositions in this case, Snap Dock's counsel improperly attempted to use them to obtain testimony pertaining to issues in a different case in Florida.[2]

22. However, Snap Dock is not entitled to obtain discovery in this case for Snap Dock to use in connection with the Florida trade dress case, as EZ Dock previously explained in its opposition to Snap Dock's motion to compel discovery in this case. *See* ECF No. 111 at §§ IV.F.1., 4. Such conduct is wholly improper and an effort to side-step the protective order in this case (ECF No. 74) and Rule 26. The shape of EZ Dock's dock coupler product, its functionality (or lack thereof), and its arbitrary curves are not relevant to any issue in this case.

23. Accordingly, pursuant to Rule 26(c) and 30(d)(3), and for good cause, EZ Dock seeks a protective order in this case to safeguard EZ Dock and its witnesses from the repeated bad faith and oppressive discovery tactics of Snap Dock and its counsel. EZ Dock requests an order limiting the scope of Snap Dock's depositions in this case to exclude lines of questioning concerning a different trade dress case in Florida and to specifically exclude questions regarding EZ Dock's dog bone-shaped dock coupler product and its shape, function, and use. EZ Dock also

---

[2] The transcripts for these depositions are currently being prepared by the court reporters. Once available, EZ Dock can provide them to the Court if so requested.

requests an award of its expenses pursuant to Federal Rules of Civil Procedure 30(d)(3)(C) and 37(a)(5).

WHEREFORE, pursuant to Federal Rules of Civil Procedure 26(c) and 30(d)(3), Plaintiff/Counter-Defendant E-Z-Dock, Inc. respectfully requests that this Court enter a protective order to limit the scope of Defendant/Counter-Plaintiff Snap Dock, LLC's depositions in this case to exclude lines of questioning concerning a different trade dress case in Florida and to specifically exclude questions regarding EZ Dock's dog bone-shaped dock coupler product and its shape, function, and use. In addition, EZ Dock respectfully requests an award of its expenses pursuant to Federal Rules of Civil Procedure 30(d)(3)(C) and 37(a)(5).

/s/ Brian C. Bianco

Brian C. Bianco
(admitted *pro hac vice,* IL 6281029)
Julia R. Lissner
(admitted *pro hac vice*, IL 6294431)
Thomas Fullerton
AKERMAN LLP
71 South Wacker Drive
46th Floor
Chicago, IL 60606
Tel: (312) 634-5700
Fax: (312) 424-1905
brian.bianco@akerman.com
julia.lissner@akerman.com
thomas.fullerton@akerman.com

Alejandro Fernandez
(admitted *pro hac vice,* FBN 32221)
AKERMAN LLP
401 East Jackson Street
Suite 1700
Tampa, FL 33602
Tel: (813) 223-7333
Fax: (813) 223-2837
alex.fernandez@akerman.com

*Counsel for Plaintiff/Counter-Defendant
E-Z-Dock, Inc.*