UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| E-Z DOCK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02761-TWP-KMB |
| | ) | |
| SNAP DOCK, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| SNAP DOCK, LLC, | ) | |
| | ) | |
| Counter Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| E-Z DOCK, INC., | ) | |
| | ) | |
| Counter Defendant. | ) | |

**ORDER ON PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR PROTECTIVE
ORDER TO LIMIT SCOPE OF DEPOSITIONS**

This matter comes before the Court on Plaintiff/Counter-Defendant E-Z Dock, Inc.'s ("E-Z Dock") Motion for Protective Order to Limit the Scope of Depositions. [Dkt. 118.] For the reasons that follow, E-Z Dock's motion is hereby **GRANTED**.

## I. RELEVANT BACKGROUND

This patent infringement case concerns floating watercraft ports. [Dkt. 1 at ¶ 1.] E-Z Dock and Defendant/Counter-Claimant Snap Dock, LLC ("Snap Dock") are both developers, manufacturers, and sellers of watercraft ports. [Dkts. 1 at ¶ 3; 78-12 at 3.] Snap Dock was incorporated in 2018 and began developing a watercraft port—the Snap Port—that E-Z Dock

alleges infringes its '178 Patent titled "Modular Floating Watercraft Port Assembly."  [Dkts. 1 at ¶¶ 49, 51; 1-4 at 3; 78-12 at 3.]

E-Z Dock originally sued Snap Dock and its lead distributor in the Middle District of Florida for 1) trade dress infringement pursuant to § 43(a) of the Lanham Act, 2) infringement of the '178 Patent pursuant to 35 U.S.C. § 271(a), and 3) unfair competition in violation of Florida's Deceptive and Unfair Trade Practices Act and common law.  *See E-Z Dock, Inc. v. Snap Dock, LLC et al*., No. 2:21-cv-450 (M.D. Fla. filed Jun. 8, 2021).  Count II of E-Z Dock's complaint—infringement of the '178 Patent—was severed and transferred to this District.  [Dkts. 7 and 8.]  On September 9, 2022, the Florida court granted Snap Dock's Fed. R. Civ. P. 12(c) motion for judgment on the pleadings, thereby dismissing E-Z Dock's trade dress infringement claim.  [Dkt. 118 at ¶ 5.]  E-Z Dock has since filed a motion to reconsider and vacate the Florida court's dismissal, which is currently pending before that court.  [*Id.*]

In this action, discovery is well underway and the Parties' deadline for completion of all liability discovery is March 1, 2023.  [Dkt. 142.]  The relevant portion of discovery for purposes of the pending motion is that Snap Dock took the depositions of three E-Z Dock witnesses in December 2022—Curtis Downs, a former E-Z Dock employee and an inventor of the '178 Patent, [Dkt. 118 at ¶ 8]; Dustin Imel, a former E-Z Dock employee and an inventor of the '178 Patent, [*id.* at ¶ 12]; and Richard Hepburn, E-Z Dock's liability expert, [*id.* at ¶ 16].  At each deposition, E-Z Dock claims that Snap Dock's counsel attempted to ask the witnesses about the functionality of a dog bone-shaped coupler product ("dog bone connector") referenced in the '178 Patent.  [*Id.* at ¶¶ 9, 13, 18.]  E-Z Dock's counsel objected to such questions at each deposition and instructed the witnesses not to answer any questions about the functionality of the dog bone connector.  [*Id.* at ¶¶ 10, 14, 19.]  Snap Dock's eventually counsel decided to move on from the disputed line of

questioning and proceeded to ask questions regarding other topics at issue in this case.  [*Id.* ¶ 20.]
On December 23, 2022, E-Z Dock filed a Motion for Protective Order.  [Dkt. 118.]  The Parties
have fully briefed the issue, and that motion is now ripe for the Court's review.

## II.  ANALYSIS

E-Z Dock's Motion for Protective Order presents one issue: whether Snap Dock should be
allowed to ask questions about the functionality of the dog bone connector referenced in the '178
Patent.  E-Z Dock claims that questions regarding the shape, functionality, and use of the dog bone
connector in the '178 Patent go to the heart of issues in the trade dress case that is currently pending
in Florida.  [*Id.* at 2.]  But in the case pending before this Court, E-Z Dock argues that those
questions are not appropriate and that Snap Dock's counsel asked them in a bad faith attempt to
use the depositions in this case to obtain testimony and information it could use in the Florida case.
[*Id.* at ¶¶ 13, 18.]  Accordingly, E-Z Dock filed this Motion for Protective Order to exclude lines
of questioning concerning the trade dress case in Florida, specifically regarding the shape,
functionality, and use of dog bone connector in the '178 Patent.  [*Id.* at ¶ 23.]

In response, Snap Dock asserts that the questions it wants to ask E-Z Dock's witnesses
about the dog bone connector are relevant to the case before this Court.  [Dkt. 136-1 at 2.]  Snap
Dock claims that E-Z Dock's counsel instructed the deponents not to answer questions about the
dog bone connector on relevancy grounds and argues that this instruction was improper because
relevance is not an appropriate reason for instructing a witness not to answer a deposition question.
[*Id.* at 9.]  Snap Dock claims that E-Z Dock—recognizing that relevance is not a proper ground
for objecting—filed its motion alleging that Snap Dock's questioning was in bad faith, which Snap
Dock argues is an after-the-fact rationale.  [*Id.* at 11.]  Regardless, Snap Dock asserts that E-Z
Dock's objections are baseless because its expert's report puts the dog bone connector's shape,

function, and use at issue, and the '178 Patent uses the word "complimentarily" to describe both the shape of the dog bone connector and the claimed bow stop. [*Id.* at 2, 9.] Accordingly, Snap Dock contends that E-Z Dock's Motion should be denied and requests that Snap Dock be allowed to re-depose Mr. Imel, Mr. Downs, and Mr. Hepburn for the limited purpose of asking about the dog bone connector. [*Id.* at 11-12.]

In reply, E-Z Dock reiterates that the dog bone connector is not relevant to its patent infringement claim pending in this case. [Dkt. 133 at 7.] E-Z Dock asserts that there is nothing new or novel about the dog bone connector shape and points out that the '178 Patent specification provides that the coupler can be other shapes. [*Id.* 8-9.] Moreover, E-Z Dock contends that claim 29—the only asserted patent claim in this case—does not claim a coupler, much less a dog bone-shaped coupler. [*Id.* at 9.] Thus, E-Z Dock argues there is nothing in claim 29 or its expert's report that would allow Snap Dock's counsel to ask questions about the functionality, shape, curves, or rounded corners of E-Z Dock's dog bone connector. [*Id.* at 9, 12.] Finally, E-Z Dock argues that testimony about the functionality of the dog bone connector is not needed to understand the meaning of "complimentarily" in claim 29. [*Id.* at 11.] For these reasons, E-Z Dock asserts that nothing in this case justifies Snap Dock's questions, which it asserts are just a veiled attempt to get discovery for a key issue in the Florida case. [*Id.* at 11, 14.]

The Court's resolution of discovery disputes is guided by proportionality principles. At this stage of the case, the Court will allow further discovery to the extent it is shown to be important to resolving remaining issues, is commensurate with the amount in controversy, and the benefits of the discovery outweigh the burdens of providing it. *See* Fed. R. Civ. P. 26(b)(1). The Court has wide discretion in balancing these factors and deciding the appropriate scope of proportional discovery. *See Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning*

*Eng'rs., Inc.*, 755 F.3d 832, 839 (7th Cir. 2014) (citations and quotations omitted) (emphasizing that district courts "enjoy broad discretion in settling discovery disputes and in delimiting the scope of discovery in a given case.").

Under Fed. R. Civ. P. 30(d)(3), three occasions allow counsel to instruct a witness not to answer a deposition question: (1) to preserve a privilege; (2) to enforce a limitation ordered by the court; or (3) to present a motion under Rule 30(d)(3). Fed. R. Civ. P. 30(c)(2). Because the objections in E-Z Dock's Motion were not based upon privilege and there is no order from the Court limiting the scope of depositions, the only appropriate basis for instructing E-Z Dock's witnesses not to answer deposition questions here is to present a motion under Rule 30(d)(3), which E-Z Dock has now done. A party may move to limit a deposition "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3)(A). A court may order a deposition terminated "or may limit its scope and manner as provided in Rule 26(c)." Fed. R. Civ. P. 30(d)(3)(B).

After considering the arguments presented by the Parties, the Court finds that there is a basis for granting E-Z Dock's limited protective order request. Functionality of the dog bone connector is a key issue in the trade dress case pending before the Florida court, but it is not relevant to the patent infringement claim pending before this Court. While relevance alone is not a proper ground for seeking or granting a protective order, it does appear to the Court that Snap Dock is seeking testimony about the functionality of the dog bone connector to potentially use such testimony in the Florida case. In fact, when directly asked by the Court at the discovery conference if it would use the sought-after testimony regarding the functionality of the dog bone connector in the Florida case, Snap Dock's counsel would not foreclose that possibility. [Dkt. 138 at 30-31.] The Court reiterates that it is not proper at this stage of the litigation for either Party to

try to use this case as a workaround to try to get discovery that may solely apply to the Florida case, especially because discovery in the Florida case is no longer ongoing.

Snap Dock's arguments to the contrary are unpersuasive. The only asserted claim in this case is claim 29 of the '178 Patent, and no coupler of any kind is claimed or required as part of claim 29. Moreover, while Snap Dock asserts that E-Z Dock's expert placed the dog bone connector at issue in his expert report, the very limited portions of the expert's lengthy report that discuss the dog bone connector are not about its structure, function, or operation because those are not at issue in this case. Rather, the very limited portions of the expert report that reference the coupler concern Snap Dock's alleged copying of it, not the functionality of it. Similarly, the Court disagrees with Snap Dock that the meaning of the term "complimentarily" is at issue in this case. As the Court noted in the Order Denying Snap Dock's Motion for Summary Judgment of Non-Infringement, "[t]he parties do not dispute the meaning of 'complimentarily,'" and therefore "the Court need not construe this term's meaning." [Dkt. 101 at 8.]

For these reasons, the Court finds Snap Dock's arguments unpersuasive and grants E-Z Dock's request for a protective order on the limited issue presented herein. Specifically, Snap Dock may not ask questions regarding the shape, function, and use of the dog bone connector in Patent '178 in this patent infringement case.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** E-Z Dock's Motion for Protective Order to Limit the Scope of Depositions, [dkt. 118], such that Snap Dock may not ask questions regarding the shape, function, and use of the dog bone connector in Patent '178 in this patent infringement case. Given the complex nature of the issues presented, however, the Court finds that Snap Dock's

opposition was substantially justified and, thus, the Court will not award expenses to E-Z Dock under these circumstances.

The Court is aware that also pending before it are Motions to Compel filed by both Parties and a Motion for Leave to File Second Amended Answer filed by Snap Dock. [Dkts. 103; 106; 122.] Those motions remain **UNDER ADVISEMENT**, and the Court anticipates issuing rulings on them in advance of the Status Conference scheduled for February 8, 2023.

**IT IS SO ORDERED.**

Date: 1/30/2023

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email