UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| E-Z DOCK, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-02761-TWP-KMB |
| ) | |
| SNAP DOCK, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| SNAP DOCK, LLC, ) | |
| ) | |
| Counter Claimant, ) | |
| ) | |
| v. ) | |
| ) | |
| E-Z DOCK, INC., ) | |
| ) | |
| Counter Defendant. ) | |

## ORDER ON SNAP DOCK'S MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER TO ADD ADDITIONAL DEFENSES AND COUNTERCLAIMS

Currently pending before the Court is Defendant/Counter Claimant Snap Dock, LLC's ("Snap Dock") Motion for Leave to File Second Amended Answer to Add Additional Defenses and Counterclaims. [Dkt. 122.] The deadline to amend pleadings in this case was March 29, 2022. [Dkt. 46 at 3.] Snap Dock argues that it has good cause to belatedly amend its pleading because Plaintiff/Counter Defendant E-Z Dock, Inc. ("E-Z Dock") did not produce the documents leading to Snap Dock's request to amend until November 10, 2022. [Dkt. 140-1.] E-Z Dock opposes Snap Dock's motion, arguing that Snap Dock has not acted diligently seeking discovery in this case, that it does not have good cause to belatedly amend its pleading now, and that allowing Snap Dock to

amend would be prejudicial to E-Z Dock and futile. [Dkt. 141.] For the reasons detailed below, the Court grants Snap Dock's Motion for Leave to Amend its Answer. [Dkt. 122.]

## I.  RELEVANT BACKGROUND

E-Z Dock initiated this action alleging that Snap Dock's product—a floating dock for jet skis or other personal watercrafts (the "Snap Port")—infringes E-Z Dock's U.S. Design Patent No. 7,918,178 (the "'178 Patent"), which was issued to E-Z Dock on April 5, 2011. [Dkts. 1; 1-9 at 2; 78-9 at 2-4; 79.] Like E-Z Dock, Snap Dock is in the business of developing, manufacturing, and selling floating watercraft ports. [Dkt. 1.] Sometime after 2018, Snap Dock developed its own floating watercraft port—the Snap Port—with a bow stop that is alleged to be integral with and unremovable from the port. [Dkt. 78.] Soon thereafter, E-Z Dock sued Snap Dock for patent infringement, alleging that the Snap Port infringes claim 29 of the '178 Patent. [Dkts. 1; 21.]

E-Z Dock initially commenced this action in the Middle District of Florida against Snap Dock and its lead U.S. distributor for 1) trade dress pursuant to § 43(a) of the Lanham Act, 2) infringement of the '178 Patent pursuant to 35 U.S.C. § 271(a), and 3) unfair competition in violation of Florida's Deceptive and Unfair Trade Practices Act and common law. *See E-Z Dock, Inc. v. Snap Dock, LLC, et al.*, No. 2:21-cv-450 (M.D. Fla. filed Jun. 8, 2021). Count II of E-Z Dock's Complaint (patent infringement of the '178 Patent) was severed and transferred to this District on October 29, 2021. [Dkts. 7; 8.] The Middle District of Florida ultimately granted judgment on the pleadings in favor of Snap Dock, which E-Z Dock has asked that court to reconsider.

In our case, Snap Dock filed a Motion for Summary Judgment of Non-Infringement, [dkt. 75], which the Court ultimately denied, [dkt. 101]. While that motion was pending, Snap Dock moved for suspension of all remaining case deadlines pending the Court's ruling on its summary

judgment request, [dkt. 81], which the Court denied, [dkt. 85].  In doing so, the Court pointed out "that several years ago this [District] replaced its uniform patent case management plan that provided for separate stages for discovery and briefing of the patent issues (e.g., claims construction, infringement, invalidity) in favor of the current uniform plan that creates a single set of deadlines for discovery, expert development, and summary judgment briefing."  [Dkt. 85 at 2.]

Within one month of that ruling, the Parties were engaged in discovery disputes that necessitated a Discovery Conference with the assigned Magistrate Judge on October 13, 2022.  [Dkt. 93.]  The Court recently reiterated the clear and reasonable expectations for discovery that were set forth at that conference.  [Dkt. 149 at 3.]  After that Discovery Conference, the Court adopted the Parties' proposed deadlines for amending or supplementing certain discovery responses, which in relevant part for purposes of Snap Dock's pending motion, included a deadline "for each party to complete document productions as to liability issues" of November 10, 2022.  [Dkt. 98.]

On November 10, 2022, E-Z Dock produced 1,786 documents, including documents related to the reduction to practice and commercialization of the inventions claimed in the '178 Patent.  [Dkt. 122-2 at 1-2.]  Counsel for Snap Dock attests that "E-Z Dock's production did not include a single document showing conception of the claimed inventions by Curtis Downs and Dustin Imel, the alleged inventors named on the ['178 P]atent."  [Dkt. 122-2 at 2.]  However, among the documents that E-Z Dock produced were two key ones for purposes of the pending motion:  1) a presentation for an "EZ Port Redesign" from a student-led design project at the Savannah College of Art and Design ("SCAD"), [dkt. 122-2 at 2], and 2) a 2005 E-Z Dock published brochure for a separate and mountable bow stop that Snap Dock alleges E-Z Dock

should have disclosed to the U.S. Patent and Trademark Office ("USPTO") as prior art during the prosecution of the '178 Patent, [dkt. 123 at 9 (citing dkt. 122-21)].

In the days following Snap Dock's receipt of E-Z Dock's discovery production, counsel for Snap Dock contacted SCAD, the professor, and two of the students involved in the presentation—Adam Paquette and Jerimiah Schwartz. [Dkt. 122-2 at 2.] Ultimately, Snap Dock obtained declarations from Mr. Paquette and Mr. Schwartz. [Dkt. 123-2 (Declaration of Adam Paquette dated November 17, 2022) (filed under seal); Dkt. 123-3 (Declaration of Jeremiah Schwarz dated November 22, 2022) (filed under seal).] At a high level, Mr. Paquette's declaration states that he was a student at SCAD from 2003-2007; that one of the projects he worked on was the EZ Port Redesign; that E-Z Dock gave them general project constraints but the student design team was "left to brainstorm to create a new design[;]" and that "none of the EZ Dock employees contributed to the design of any specific feature of our final design." [Dkt. 123-2 at 1-3.] Mr. Paquette further attests that he came up with many of the ideas that were incorporated into the final design. [Dkt. 123-2 at 4-5 (listing various features Mr. Paquette claims were his ideas).] His Declaration also includes images of those depictions and designs. [Dkt. 123-2 at 4-6.] Mr. Paquette attests that about 30 students, the professor, and two E-Z Dock employees were in the SCAD auditorium when Mr. Schwarz presented the team's design project to the class. [Dkt. 123-2 at 6.] Snap Dock has also submitted a Declaration from Mr. Schwarz that largely reflects key parts of Mr. Paquette's Declaration. [Dkt. 123-3.]

On November 29, 2022, Snap Dock obtained an Assignment & Sale of Rights (the "Paquette Assignment") from Mr. Paquette. [Dkt. 122-15.] Through that document, and in exchange for a sum of money, Mr. Paquette sold, assigned, and transferred any rights he has in the

4

inventions and improvements disclosed and claimed in the '178 Patent to Snap Dock. [Dkt. 122-15.]

Snap Dock alleges that based on this evidence, Mr. Imel and Mr. Downs should have informed the USPTO of Mr. Paquette's role "as a true inventor" of the inventions claimed in the '178 Patent. [Dkt. 140-1 at 9.] It claims that the USPTO would not have allowed the claims in the '178 Patent to issue knowing that the true inventor was not identified. [Dkt. 140-1 at 9.] Finally, without Mr. Paquette being named as a true inventor, Snap Dock contends that "his designs disclosed in the EZ Port Redesign document constitute invalidating prior art to at least claim 29 of the '178 Patent." [Dkt. 140-1 at 9.]

Snap Dock gave the Paquette and Schwarz Declarations and the Paquette Assignment to E-Z Dock on December 6, 2022. [Dkt. 122-2 at 3.] Snap Dock requested E-Z Dock's consent to amend its Answer the next day, but E-Z Dock would not meet and confer on that issue until Snap Dock provided the proposed amended pleading. [Dkt. 122-2 at 3.] Snap Dock sent that proposed amended pleading to E-Z Dock on December 23, 2022, and on December 27, 2022, E-Z Dock informed Snap Dock it would oppose the motion. [Dkt. 122-2 at 3.] Snap Dock filed its Motion for Leave to Amend two days later on December 29, 2022. [Dkt. 122.]

## II.   APPLICABLE STANDARD

Generally, a motion for leave to amend a pleading is evaluated under Federal Rule of Civil Procedure 15(a)(2). It provides that in cases where that subsection of the rule applies, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when a party seeks leave to amend a pleading after the deadline to do so established by the appliable case management plan, a "heightened good-cause standard" from Rule 16(b)(4) applies before the

court considers whether the requirements of Rule 15(a)(2) are satisfied. *Adams v. City of Indianapolis*, 742 F.3d 720, 733 (7th Cir. 2014). The good cause standard articulated in Rule 16 primarily considers the diligence of the party seeking the amendment to determine whether good cause has been established. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). The movant bears the burden to establish its diligence under Rule 16. *Id.*

If a party demonstrates the heightened good cause standard of Rule 16, the party seeking leave to amend must also show that the amendment is proper under Rule 15. *Adams*, 742 F.3d at 733-34; *see also Tristate Bolt Co. v. W. Bend Mut. Ins. Co.*, 2020 WL 503036, at *2 (N.D. Ind. Jan. 31, 2020). "Leave to amend is only appropriate where there is no undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *HMV Indy I, LLC v. Inovateus Solar, LLC*, 2020 WL 9607043, at *2 (S.D. Ind. Mar. 12, 2020) (citing *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992); *Villa v. City of Chi.*, 924 F.2d 629, 632 (7th Cir. 1991)).

Whether the moving party has met these standards is a matter of discretion left to the district court. *Id.* (applying an abuse of discretion standard when analyzing the district court's decision to deny a party's motion for leave to amend after the deadline to do so set in that case). If the district court denies the motion as futile, however, that aspect of the decision is subject to *de novo* review because "[t]here is no practical difference, in terms of review, between a denial of a motion to amend based on futility and the grant of a motion to dismiss for failure to state a claim." *Id.* at 734.

### III.   ANALYSIS

In its proposed amended answer, Snap Dock seeks leave to amend its responsive pleading to assert new defenses to E-Z Dock's claims against it and add bases for seeking declaratory judgment related to its new and expanded defenses surrounding alleged patent ownership and invalidity. [Dkt. 122-4 (proposed amended answer redlined against operative answer).] Because it is undisputed that Snap Dock seeks leave to amend its answer months after the deadline to amend pleadings in this case has passed, the Court will engage in the two-step analysis set forth above, turning first to the heightened good cause standard required by Rule 16, and then turning to the analysis required by Rule 15. It will then address E-Z Dock's arguments regarding alleged undue prejudice and futility of allowing an amendment at this stage of the proceedings.

**A.  Rule 16 Analysis**

Snap Dock argues that it should be given leave to amend its answer months after the deadline to do so in this case passed because its amendment is based on evidence E-Z Dock produced in mid-November 2022, and it diligently pursued the amendment from that point forward. [Dkt. 140-1 at 14-15.]

E-Z Dock does not dispute Snap Dock's diligence in seeking leave to amend from the point at which Snap Dock received the documents at issue, but E-Z Dock strongly disputes Snap Dock's overall diligence in discovery in this case. [Dkt. 141 at 4-5.] E-Z Dock claims that Snap Dock disengaged from discovery and instead filed for summary judgment in June 2022 and moved to suspend all case deadlines until after that motion was resolved. [Dkt. 141 at 5.] It argues that it was only after the Court denied Snap Dock's stay request that on August 30, 2022, Snap Dock served its first sets of interrogatories and document requests in this case. [Dkt. 141 at 6.] Thus,

E-Z Dock argues that Snap Dock has not acted diligently overall, and it should not be given leave to amend. [Dkt. 141 at 4-7.]

In reply, Snap Dock emphasizes that it served discovery on E-Z Dock seeking information related to the alleged conception and validity of the '178 Patent back in September 2021 when the patent infringement claim in this case was pending in Florida. [Dkt. 145 at 18.] Snap Dock argues that it attempted to get E-Z Dock to respond to that discovery for many months, but E-Z Dock took the position that the discovery served in the Florida case did not transfer with this case and so it did not need to respond. [Dkt. 145 at 2-3.] Ultimately, Snap Dock re-served the discovery served in the Florida case in August 2022 because "the 30 days to respond under the Federal Rules of Civil Procedure is faster than bringing a motion to compel." [Dkt. 145 at 3.]

*1) Snap Dock's Diligence from mid-November until Motion for Leave*

The Court agrees with Snap Dock that it has acted diligently about pursuing this amendment since it received the documents underpinning its proposed amended answer from E-Z Dock in mid-November 2022. Specifically, Snap Dock received the documents at issue from E-Z Dock on November 11, 2022; it had signed Declarations from Mr. Paquette and Mr. Schwartz by November 29, 2022; it disclosed its inventorship theory and sought consent from E-Z Dock to amend its answer on December 6, 2022; and when that consent was not given, Snap Dock sought leave to amend from the Court on December 29, 2022.

All in all, it took Snap Dock less than seven weeks from when it received the key documents at issue from E-Z Dock to investigate the inventorship and prior art theories, obtain additional supporting evidence, and bring its amendment request to the Court. The Court finds that this amount of time is not unreasonable, especially since a portion of it relates to Snap Dock's attempt to work with E-Z Dock to get its consent to the amendment, and the Court has already

8

stated that it needs the Parties to do a better job working together in this case. [*See* Dkt. 149 at 25 (the Court's admonishment to counsel that it "expects counsel for both Parties to do a better job working together")]; *see also Oneamerica Fin. Partners, Inc. v. T-Sys. N. Am., Inc.*, 2016 WL 2772191, at *3 (S.D. Ind. May 13, 2016) (listing cases where amendment requests within four to six weeks of new evidence being obtained constituted a "brief delay" that met the diligence standards necessary for a belated amendment request); *Summertime Produce, LLC v. Atl. Produce Exch., LLC*, 2020 WL 5366492, at *4 (S.D. Ind. Sept. 8, 2020) (finding that a party who took one month to consider the information received, discuss the issue with the opposing party, and weigh its options "was diligent in seeking an amendment" and established good cause to amend).

### 2) Snap Dock's Overall Diligence in Pursuing Discovery

The Court disagrees with E-Z Dock that Snap Dock's discovery conduct in this case overall shows a clear lack of diligence that requires the Court to deny Snap Dock's motion for leave to amend. While this is a closer call than the clear speed with which Snap Dock acted on the inventorship theory after receiving E-Z Dock's documents in mid-November, it is apparent that the Parties did not agree and that both appear to have flip flopped on their positions regarding whether the discovery served in Florida applied to the transferred patent infringement claim after it arrived in Indiana. When recently ruling on the Parties' extensive Motions to Compel, the Court observed that "the transfer of E-Z Dock's patent infringement claim from Florida to Indiana clearly caused delay in discovery responses, production, and case progress for which both Parties are responsible." [Dkt. 149 at 5.]

The Parties do not seem to agree on what the previously assigned Magistrate Judge said about this issue at their October 2022 Discovery Conference. The currently assigned Magistrate Judge has listened to the audio recording of that conference, and it is clear that the previously

assigned Magistrate Judge believed that the discovery the Parties served on each other when the case was pending in Florida still applied and obliged them to respond here in Indiana:

> Magistrate Judge Debra McVicker Lynch: Just to be fair though, [E-Z Dock's counsel] you say that Snap Dock chose not to serve discovery until later in this case, but it sounds as if discovery was served, and as far as I understand the statutory process around transfer, a transfer doesn't extinguish everything that existed when the case was pending somewhere else. Probably not entirely accurate to say that Snap Dock hadn't served any discovery.
>
> \*\*\*
>
> [Snap Dock's counsel]: Going back to Court's earlier comments, we served discovery requests on them in the Florida case on September 27, 2021. We got their responses, we sought to set up a meet and confer, it took almost a month of negotiating just to get a meet and confer, we had marathon meet and confers. E-Z Dock agreed to fully respond to many of the exact same doc requests and interrogatories that we served in the Florida case that we had to re-serve in this case because E-Z Dock said those don't count. So, for [E-Z Dock's] counsel to imply that they've been diligent and produced stuff and Snap Dock had not … they've known since September 27, [2021,] what Snap Dock is seeking. We met and conferred on that four times and they agreed to fully respond and fully produce documents. Yet almost a year went by, and Snap Dock got nothing. And now in the Florida case we've won that case. My point to [E-Z Dock's counsel] was, look we've already agreed, we've already spent tons of time meeting and conferring on these requests, and he's saying nope nope we can't meet and confer on them until you re-serve them in the Indiana case. And so, that's what we ultimately did. We just want this information.

[Statements from the October 13, 2022 Discovery Conference.[1]]

The Court agrees with the previously assigned Magistrate Judge and Snap Dock's representations above that it is not accurate for E-Z Dock to represent that Snap Dock did not serve any discovery until August 2022, months after the deadline to amend pleadings had passed. Instead, the record reflects that Snap Dock served discovery on the patent infringement issues

---

[1] The Court recognizes that the October 2022 Discovery Conference has not been transcribed. Should either of the Parties want a copy of the audio file the Court possesses, it should reach out to the assigned Magistrate Judge's chambers, and it will provide it. Should either of the Parties want an official transcription of that Discovery Conference, it should request one as it did after the Court's January 2023 Discovery Conference. [Dkts. 137; 138.]

10

when the case was pending in Florida in September 2021, E-Z Dock did not respond to that discovery, and after multiple meet and confer attempts, Snap Dock then re-served its discovery in August 2022 rather than file a motion to compel on that issue with the Court.[2]

In sum, Snap Dock did serve discovery in September 2021 seeking information related to the alleged conception and validity of the '178 Patent when the patent infringement claim in this case was pending in Florida. In light of that and statements from the October 2022 Discovery Conference quoted above, the Court finds that Snap Dock has acted with the requisite diligence to meet Rule 16's heightened good cause standard for seeking leave to amend its answer based on documents that were finally produced to it in mid-November 2022.

**B. Rule 15 Analysis**

If a party meets the heightened good cause standard for amending its pleading set forth in Rule 16, the Court must then confirm whether the party seeking leave to amend has also shown that the amendment is proper under Rule 15. *Adams*, 742 F.3d at 733-34. A district court may deny leave under Rule 15 for several reasons, including undue delay, undue prejudice, or futility of amendment. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009).

E-Z Dock argues that Snap Dock should be denied leave to amend its answer because of alleged undue prejudice to E-Z Dock and because allowing the amendment would be futile. [Dkt. 9-18.] The Court will address the alleged prejudice and futility issues in turn.

---

[2] To be clear, Snap Dock's discovery conduct while this case has been pending in Indiana also leaves much to be desired, as the Court detailed in its recent ruling on E-Z Dock's Motion to Compel. [Dkt. 149 at 23 (finding that "[i]t is clear to the Court that Snap Dock made a classic document dump on E-Z Dock in November by producing 80,000 pages of documents from nine different companies in an apparently unorganized fashion …" and putting Snap Dock on notice that sanctions will be imposed if it does anything like that again).]

*1) Alleged Undue Prejudice to E-Z Dock*

E-Z Dock argues that allowing Snap Dock to amend its answer at this stage of the proceedings will unduly prejudice E-Z Dock because Snap Dock's motion comes shortly before the close of fact discovery, and the proposed amendments "will drive the proceedings in a new direction."[3]  [Dkt. 141 at 10.]

In response, Snap Dock alleges that any prejudice because of the approaching close of fact discovery is of E-Z Dock's own making by failing to disclose the documents at issue in a timely manner. [Dkt. 145 at 8.] It also disputes E-Z Dock's contention that allowing this amended answer would drive the proceedings in a new direction because it does not add parties to the litigation and instead just expands and adds new theories and defenses about inventorship and ownership of the patent-in-suit. [Dkt. 145 at 8.]  Snap Dock concludes that not allowing the proposed amendment would instead be highly prejudicial to Snap Dock because it would foreclose a significant part of this case from being told at trial.  [Dkt. 145 at 9.]

As the Party seeking to amend its pleadings, Snap Dock has the burden of proof to show that E-Z Dock would not be unduly prejudiced by the amendment. *See King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994).  The Court concludes that it has met this burden here.  The fact that this issue is arising as fact discovery comes to a close does not show undue prejudice to E-Z Dock primarily because of the Court's diligence analysis above and E-Z Dock's role in not promptly providing the requested discovery to Snap Dock after the patent infringement claim was transferred to Indiana.  In other words, alleged prejudice that E-Z Dock asserts regarding the delayed timing of the issues raised are directly tied to E-Z Dock's delayed production.

---

[3] To the extent E-Z Dock incorporates Snap Dock's alleged undue delay or lack of diligence in discovery into its Rule 15 arguments, the Court has already rejected those in its Rule 16 analysis above.

Snap Dock's proposed amended answer does not seek to add new parties, and all new allegations are directed at the same patent-in-suit and alleged claim underlying E-Z Dock's patent infringement claim. [Dkt. 145 at 8.] In fact, Snap Dock has already asserted a patent invalidity defense in this litigation. [Dkt. 62 at 16.] While its proposed amended pleading does expand on and add substantive allegations supporting the previously asserted invalidity defense, "being required to defend against new allegations made in pleadings is not the sort of prejudice that is undue in the context of amended pleadings." *Tricarico v. Marion Gen. Hosp. Inc.*, 2020 WL 6375686, at *3 (N.D. Ind. Oct. 30, 2020) (citing *Reardon v. Short-Elliott Hendrickson, Inc.*, 2018 WL 1603381, at *2 (N.D. Ind. Apr. 3, 2018) ("If such prejudice were considered undue, then amended pleadings would rarely be permissible.").

For these reasons, the Court concludes that E-Z Dock will not be unduly prejudiced by Snap Dock being allowed to amend its answer. The Court emphasizes that it will hold Snap Dock to its representations that its amendment should not take these proceedings in a new direction. [Dkt. 145 at 8.] To the extent that Snap Dock attempts to use its amended answer to significantly expand the scope of this litigation, the Court will hold Snap Dock to the position it took in response to E-Z Dock's undue prejudice argument that allowing its amended pleading would not do so.

*2) Alleged Futility of Snap Dock's Proposed Amended Answer*

E-Z Dock argues that Snap Dock should not be allowed to amend its answer because doing so would be futile. [Dkt. 141 at 11-18.] It presents various patent-specific legal arguments in favor of that position that go to the merits of the new and expanded defenses asserted by Snap Dock in response to the recent discovery production by E-Z Dock. [*Id.*]

In response, Snap Dock contends that its proposed amended answer is not futile, and thus it should be granted leave to amend. [Dkt. 145 at 10-16.] It presents various patent-specific legal

arguments in favor of that position that also go to the merits of the new and expanded defenses it seeks to assert. [*Id.*]

Under Federal Rule of Civil Procedure 15(a)(2), the "court should freely give leave [to amend] when justice so requires." *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). "A court may determine that a proposed amendment is futile if it sets forth facts or legal theories that are redundant, immaterial, or unresponsive to the allegations in the complaint." *Campania Mgmt. Co., Inc. v. Rooks, Pitts, & Poust*, 290 F.3d 843, 850 (7th Cir. 2002) (citing *DeSalle v. Wright*, 969 F.2d 273, 277-78 (7th Cir. 1992)). In addition, a proposed amendment may be considered futile if it serves no legitimate purpose or is without legal merit. *See Westbrook v. Banks*, 2003 WL 21918776, at *10 (N.D. Ind. June 24, 2003).

When a defendant seeks to amend a pleading to add new defenses, futility can be a "high hurdle." *Schaefer-Larose v. Eli Lilly & Co.*, 2008 WL 746399, at *1 (S.D. Ind. Feb. 25, 2008). This is because while a plaintiff's arguments "against such a defense may ultimately prove well taken, that decision is for another day; a potential weakness in a defense does not equate with futility." *Id.*; *see also Ford v. Levy*, 2006 WL 8461526, at *1 (N.D. Ill. Jun. 26, 2006) (citing *Credit Suisse First Boston, LLC v. Intershop Commc'ns AG*, 2006 WL 9497 (S.D.N.Y. Jan. 3, 2006) ("In the case of an amendment to add a new defense, futility ought technically turn on the proposed defense's legal sufficiency and whether it is subject to a motion to strike under Fed. R. Civ. P. 12(f).")).

The Court has reviewed the Parties' briefs and the various substantive patent-related legal arguments they each make about why the new and expanded defenses that Snap Dock seeks to assert would or would not be futile. [Dkts. 141 at 11-18 (E-Z Dock's futility arguments); 145 at

14

10-16 (Snap Dock's opposition arguments).] At this juncture, it is enough for the Court to say that it is not so obvious that Snap Dock's amended answer is futile that the Court will preclude the proposed amendment. It is reasonable for the Court to conclude that the evidence Snap Dock has presented regarding prior art, its theory that Mr. Paquette should have been a named inventor on the '178 Patent, and that E-Z Dock already knew these things bolsters the defenses Snap Dock wants to assert. Given the delayed timing of E-Z Dock's production of the materials leading to Snap Dock's discovery of the expanded defenses it now seeks to raise, the Court concludes that justice so requires that Snap Dock be allowed to assert these defenses and the additional bases for declaratory judgment.

## IV.   CONCLUSION

For the reasons stated herein, the Court **GRANTS** Snap Dock's Motion for Leave to File Second Amended Answer to Add Additional Defenses and Counterclaims. [Dkt. 122.] Snap Dock is **ORDERED** to file a clean copy of it Second Amended Answer to First Amended Complaint and First Amended Counterclaims, [dkt. 122-3] (proposed pleading)], **within three (3) days** of the date of this Order.

Date: 2/6/2023

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Electronic distribution to all counsel of record