UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| E-Z DOCK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02761-TWP-KMB |
| | ) | |
| SNAP DOCK, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| SNAP DOCK, LLC, | ) | |
| SNAP DOCK, LLC, | ) | |
| | ) | |
| Counter Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| E-Z DOCK, INC., | ) | |
| E-Z DOCK, INC., | ) | |
| | ) | |
| Counter Defendants. | ) | |

## ORDER ON THE PARTIES' MOTIONS TO SEAL

Currently pending before the Court are five Motions to Seal, [dkts. 108; 124; 129; 135; 146], that are related to several filings from both Plaintiff/Counter Defendant E-Z Dock, Inc. ("E-Z Dock") and Defendant/Counter Claimant Snap Dock, LLC ("Snap Dock"). The Court has reviewed these Motions to Seal and the Parties' proposed redacted filings. [*See* dkts. 133; 136-1; 140-1; 151-2]. For the reasons set forth below, the Court **GRANTS IN PART** E-Z Dock's Motion, [dkt. 108]; **GRANTS** Snap Dock's Motion, [dkt. 124]; **GRANTS IN PART** Snap Dock's Motion, [dkt. 129]; **DENIES AS MOOT** E-Z Dock's Motion, [dkt. 135]; and **GRANTS** Snap Dock's Motion, [dkt. 146].

# I.     RELEVANT BACKGROUND

E-Z Dock initiated this action alleging that Snap Dock's product—a floating dock for jet skis or other personal watercrafts (the "Snap Port")—infringes E-Z Dock's Patent No. 7,918,178 (the "'178 Patent"), which was issued on April 5, 2011.  [Dkts. 1; 1-9 at 2; 78-9 at 2-4; 79.]  Like E-Z Dock, Snap Dock is in the business of developing, manufacturing, and selling floating watercraft ports.  [Dkt. 1.]  Sometime after 2018, Snap Dock developed its own floating watercraft port—the Snap Port—with a bow stop that is alleged to be integral with and unremovable from the port.  [Dkt. 78.]  Soon thereafter, E-Z Dock sued Snap Dock for patent infringement, alleging that the Snap Port infringes claim 29 of the '178 Patent.  [Dkts. 1; 21.]

E-Z Dock initially commenced this action in the Middle District of Florida against Snap Dock and its lead U.S. distributor for 1) trade dress pursuant to § 43(a) of the Lanham Act, 2) infringement of the '178 Patent pursuant to 35 U.S.C. § 271(a), and 3) unfair competition in violation of Florida's Deceptive and Unfair Trade Practices Act and common law.  *See E-Z Dock, Inc. v. Snap Dock, LLC, et al.*, No. 2:21-cv-450 (M.D. Fla. filed Jun. 8, 2021).  Count II of E-Z Dock's Complaint (patent infringement of the '178 Patent) was severed and transferred to this District on October 29, 2021.  [Dkts. 7; 8.]

On April 24, 2023, the Parties notified the Court that they had "reached an agreement on binding essential terms for settlement" and that "[t]he [P]arties and their counsel are now working on memorializing the key terms into a final written agreement." [Dkt. 175.]  In light of the Parties' Notice of Settlement, [dkt. 175], as well as the Parties representations during the May 3, 2023 Telephonic Status Conference, all deadlines in this case have now been vacated and all pending motions other than these motions to seal have been denied as moot, [dkt. 178].

Despite the Parties' settlement, the Court still must rule on the merits of the pending motions to seal because they concern public access to materials on the Court's docket. This Order rules on five Motions to Seal various filings related to E-Z Dock's Motion to Compel Snap Dock to Answer Interrogatories and Produce Documents, [dkt. 106], E-Z Dock's Motion for Protective Order to Limit Scope of Depositions, [dkt. 118], and Snap Dock's Motion for Leave to File Second Amended Answer, [dkt. 122].

After previously identifying various issues with these Motions to Seal, including the Parties' failure to fully comply with Local Rule 5-11, the Court ordered the Parties to meet and confer and file a joint submission addressing each of the following:

- specifically identify each docket number related to these pending Motions to Seal that both Parties agree should remain under seal, and explain why these identified filings should remain under seal;

- specifically identify each docket number related to these pending Motions to Seal that both Parties agree can be unsealed;

- specifically identify each docket number related to these pending Motions to Seal where the Parties do not agree on whether the document(s) should remain under seal, and set forth each Party's position for sealing or unsealing; and

- specifically identify the redacted version of each brief related to these pending Motions to Seal that has been minimally redacted to comply with the presumption that filings will be made public.

[Dkt. 154 at 2-3.]

In accordance with that Order, the Parties filed a Joint Statement on Pending Motions to Seal ("Joint Statement"), [dkt. 165], identifying several filings the Parties agree should be sealed, several filings the Parties agree can be unsealed, and several filings where the Parties disagree about sealing or unsealing. In ruling on these Motions, the Court has primarily relied on this Joint Statement and the Parties' arguments contained therein.

## II.     APPLICABLE STANDARD

When documents are used in a court proceeding to decide the merits of a party's claims, they are presumptively "'open to public inspection unless they meet the definition of trade secret or other categories of bona fide long-term confidentiality. '" *Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009) (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)).   A showing of good cause is required to seal any portion of the record of a case from the public. *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999).   Good cause to seal confidential information may exist when the confidential material is non-dispositive or where documents contain trade secrets or other categories of sensitive confidential information.  *Baxter*, 297 F.3d at 545-46.  That said, materials that "'influence or underpin'" a decision by the Court are presumptively open to public inspection.  *Bond*, 585 F.3d at 1075 (quoting *Baxter*, 297 F.3d at 545).  "The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it).  [She] may not rubber stamp a stipulation to seal the record."  *Citizens First Nat'l Bank*, 178 F.3d at 945 (internal citations omitted).

## III.     DISCUSSION

### A.  Filings the Parties Agree Should Remain Under Seal

The Parties agree in their Joint Statement that several filings should remain under seal on the basis that they contain proprietary, research, technical, commercial, and/or sensitive financial information.  [Dkt. 165 at 1-4.]  Despite their agreement on these filings, the Court still must do its own analysis to confirm that the material at issue meets the standard for remaining sealed on the docket.  *See Citizens First Nat'l Bank*, 178 F.3d at 945.

The Court has reviewed these filings and agrees with the Parties that they do indeed contain proprietary, research, technical, commercial, and/or sensitive financial information that warrants their sealing.  Given the nature of this case, such confidential and sensitive information could be harmful to either Party if obtained by a competitor.  However, these filings contain over 400 pages of documents—including many pages that do not concern proprietary, research, technical, commercial, and/or confidential financial information that could harm the Parties if made public (i.e., pages of objections to interrogatories)—and the Parties seek to maintain the entirety of these documents under seal.  While the Parties have shown good cause for sealing portions of the identified filings, the Court does not agree that there is a basis for outright sealing the entirety of all of them.

Accordingly, the Clerk is directed to maintain **UNDER SEAL** the following ECF filings:

- Dkt. 107-1 (Exhibit C to E-Z Dock's Memorandum in Support of its Rule 37 Motion to Compel Snap Dock to Answer Interrogatories and Produce Documents);

- Dkt. 107-2 (Exhibit G to E-Z Dock's Memorandum in Support of its Rule 37 Motion to Compel Snap Dock to Answer Interrogatories and Produce Documents);

- Dkt. 107-3 (Exhibit H to E-Z Dock's Memorandum in Support of its Rule 37 Motion to Compel Snap Dock to Answer Interrogatories and Produce Documents);

- Dkt. 123-1 (Exhibit 9 to the Declaration of Thomas J. Leach in Support of Snap Dock's Motion for Leave to Amend);

- Dkt. 123-5 (Exhibit 18 to the Declaration of Thomas J. Leach in Support of Snap Dock's Motion for Leave to Amend);

- Dkt. 123-6 (Exhibit 20 to the Declaration of Thomas J. Leach in Support of Snap Dock's Motion for Leave to Amend);

- Dkt. 128-2 (Exhibit 1 to the Declaration of Thomas J. Leach in Support of Snap Dock's Memorandum in Opposition to E-Z Dock's Motion for Protective Order to Limit the Scope of Depositions);

- Dkt. 128-3 (Exhibit 2 to the Declaration of Thomas J. Leach in Support of Snap Dock's Memorandum in Opposition to E-Z Dock's Motion for Protective Order to Limit the Scope of Depositions);

- Dkt. 145-1 (Exhibit 8 to the Declaration of Thomas J. Leach in Support of Snap Dock's Reply in Support of Motion for Leave to Amend); and

- Dkt. 145-2 (Exhibit 9 to the Declaration of Thomas J. Leach in Support of Snap Dock's Reply in Support of Motion for Leave to Amend).

**Within 14 days of the entry of this Order**, the Parties are **ORDERED** to file joint redacted versions of these ECF filings (Dkts. 107-1; 107-2; 107-3; 123-1; 123-5; 123-6; 128-2; 128-3; 145-1; and 145-2), such that only information properly constituting proprietary, research, technical, commercial, and/or sensitive financial information is shielded from public view.

The Parties also agree in their Joint Statement that the following briefs should remain under seal: Dkts. 123, 128, and 145.  The Court finds that good cause exists to seal these documents as well because they concern proprietary, research, and/or technical information that could be damaging to the Parties if obtained by a competitor.  Accordingly, the Clerk is directed to maintain **UNDER SEAL** the following ECF filings:

- Dkt. 123 (Snap Dock's Memorandum in Support of Motion for Leave to Amend);

- Dkt. 128 (Snap Dock's Memorandum in Opposition to E-Z Dock's 30(D)(3) Motion for Protective Order to Limit Scope of Depositions); and

- Dkt. 145 (Snap Dock's Reply in Support of Motion for Leave to Amend).

The Court notes that minimally redacted versions of these three sealed filings are already available on the Court's docket, [*see* dkts. 136-1; 140-1; 151-2], so the Parties need not file any joint redacted versions of these briefs in response to this Order.

### B.  Filings the Parties Agree Can Be Unsealed

The Parties agree that several filings related to their Motions can be unsealed.  Accordingly, the Clerk is directed to **UNSEAL** the following ECF filings:

- Dkt. 107-4 (Exhibit I to E-Z Dock's Memorandum in Support of its Rule 37 Motion to Compel Snap Dock to Answer Interrogatories and Produce Documents);

- Dkt. 128-1 (Declaration of Thomas J. Leach in Support of Snap Dock's Memorandum in Opposition to E-Z Dock's 30(D)(3) Motion for Protective Order to Limit Scope of Deposition)[1]

- Dkt. 128-5 (Exhibit 4 to the Declaration of Thomas J. Leach in Support of Snap Dock's Memorandum in Opposition to E-Z Dock's Motion for Protective Order to Limit the Scope of Depositions);

- Dkt. 134-1 (E-Z Dock's Reply in Support of its Rule 30(D)(3) Motion for Protective Order to Limit the Scope of Depositions); and

- Dkt. 134-2 (Exhibit 1 to E-Z Dock's Reply in Support of its Rule 30(D)(3) Motion for Protective Order to Limit the Scope of Depositions).

### C.  Filings Where the Parties Disagree on Sealing/Unsealing

The Parties disagree about whether four filings related to Snap Dock's Motions to Seal, [dkts. 124; 129], should remain sealed.  The Court will address each Motion in turn.

---

[1] The Court notes that Snap Dock's Motion to Seal, [dkt. 129], did not specifically request that Dkt. 128-1 be sealed, but Snap Dock preliminarily filed it under seal.  Regardless, the Parties agree that this filing does not require sealing.

    *1.  Snap Dock's Motion to Seal [Dkt. 124]*

    With respect to Snap Dock's Motion to Seal, [dkt. 124], the Parties disagree about the sealing of three filings: Dkts. 123-2, 123-3, and 123-4.  Two of these filings are declarations from former Savannah College of Art and Design ("SCAD") students Adam Paquette and Jeremiah Schwarz filed in support of Snap Dock's Motion for Leave to Amend.  [Dkts. 123-2; 123-3.]  The third filing is a letter from Snap Dock's counsel to E-Z Dock's counsel that was also filed in support of Snap Dock's Motion for Leave to Amend.  [Dkt. 123-4.]

    E-Z Dock claims that these filings should be sealed because they discuss (and include copies of) a document that it designated as confidential under the Parties' Stipulated Protective Order and that was properly designated confidential under the New Product Design and Confidentiality Agreement (the "Agreement") between E-Z Dock's parent company, PlayPower, and SCAD.  [Dkt. 165 at 4-5.]  Snap Dock disagrees and argues that these filings concern a document that was not created by E-Z Dock or its employees.  [*Id.* at 4.]  Rather, Snap Dock claims the document is a presentation drafted and presented in an open forum by students of SCAD as part of an industrial design course.  [*Id.*]  Moreover, Snap Dock says that E-Z Dock's reliance on the Agreement as a basis for sealing is misplaced because the Agreement was between PlayPower and SCAD; and the SCAD students, including Mr. Paquette and Mr. Schwarz, were not parties to it.  [*Id.* at 5.]  Therefore, Snap Dock argues that the document should have a public designation and that these three filings should be unsealed.  [*Id.*]

    The Court agrees that these three filings should remain under seal because they contain information that is understandably confidential under the Agreement, to which E-Z Dock's parent company is a party.  Accordingly, the Clerk is directed to maintain **UNDER UNSEAL** the following ECF filings:

- Dkt. 123-2 (Exhibit 10 to the Declaration of Thomas J. Leach in Support of Snap Dock's Motion for Leave to Amend);

- Dkt. 123-3 (Exhibit 11 to the Declaration of Thomas J. Leach in Support of Snap Dock's Motion for Leave to Amend); and

- Dkt. 123-4 (Exhibit 14 to the Declaration of Thomas J. Leach in Support of Snap Dock's Motion for Leave to Amend).

*2.   Snap Dock's Motion to Seal [Dkt. 129]*

With respect to Snap Dock's Motion to Seal, [dkt. 129], the Parties disagree about the sealing of one filing:  Dkt. 128-4.  This filing is an excerpt from deposition testimony of E-Z Dock's liability expert, Richard Hepburn, filed in support of Snap Dock's Memorandum in Opposition to E-Z Dock's Motion for Protective Order to Limit the Scope of Depositions.  [Dkt. 128-4.]

E-Z Dock claims that this filing should be sealed because it concerns testimony it designated as confidential under the Parties' Stipulated Protective Order on the basis that it concerns research and/or technical information related to E-Z Dock product development and the subject matter of its asserted patent.  [Dkt. 165 at 7.]  Snap Dock argues that Mr. Hepburn's testimony should have a public designation and that E-Z Dock's designation of all of Mr. Hepburn's testimony as confidential is improper because his testimony is limited to discussion of public documents.  [*Id.* at 7-8.]  Mr. Hepburn's testimony, according to Snap Dock, is based on his interpretation of those public documents and experience in the industry, not information that E-Z Dock has marked as confidential or proprietary, research, or technical information.  [*Id.* at 8.] Accordingly, Snap Dock claims that this filing should be unsealed.

The Court agrees that this filing should remain under seal because it contains expert testimony about technical information that could be damaging if made publicly available. Moreover, the Court did not rely on this filing for any of its rulings, which further diminishes the public's interest in its contents.  Accordingly, the Clerk is directed to maintain **UNDER SEAL** the following ECF filing:

- Dkt. 128-4 (Exhibit 3 to the Declaration of Thomas J. Leach in Support of Snap Dock's Memorandum in Opposition to E-Z Dock's Motion for Protective Order to Limit the Scope of Depositions).

## IV.   CONCLUSION

For the reasons stated herein, the Court **GRANTS IN PART** E-Z Dock's Motion to Seal, [dkt. 108]; **GRANTS** Snap Dock's Motion to Seal, [dkt. 124]; **GRANTS IN PART** Snap Dock's Motion to Seal, [dkt. 129]; **DENIES AS MOOT** E-Z Dock's Motion to Seal, [dkt. 135]; and **GRANTS** Snap Dock's Motion to Seal, [dkt. 146].

**Within 14 days of the entry of this Order**, the Parties are **ORDERED** to file joint redacted versions of these ECF filings (Dkts. 107-1; 107-2; 107-3; 123-1; 123-5; 123-6; 128-2; 128-3; 145-1; and 145-2) so that only information properly constituting proprietary, research, technical, commercial, and/or financial information is shielded from public view.

The Clerk is directed to **UNSEAL** the following ECF filings per the Parties' agreement:

- Dkt. 107-4 (Exhibit I to E-Z Dock's Memorandum in Support of its Rule 37 Motion to Compel Snap Dock to Answer Interrogatories and Produce Documents);

- Dkt. 128-1 (Declaration of Thomas J. Leach in Support of Snap Dock's Memorandum in Opposition to E-Z Dock's 30(D)(3) Motion for Protective Order to Limit Scope of Deposition)

- Dkt. 128-5 (Exhibit 4 to the Declaration of Thomas J. Leach in Support of Snap Dock's Memorandum in Opposition to E-Z Dock's Motion for Protective Order to Limit the Scope of Depositions);

- Dkt. 134-1 (E-Z Dock's Reply in Support of its Rule 30(D)(3) Motion for Protective Order to Limit the Scope of Depositions); and

- Dkt. 134-2 (Exhibit 1 to E-Z Dock's Reply in Support of its Rule 30(D)(3) Motion for Protective Order to Limit the Scope of Depositions).

**SO ORDERED.**

Date: 5/3/2023

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Alejandro J. Fernandez
AKERMAN LLP
alejandro.fernandez@akerman.com

Brian C. Bianco
AKERMAN LLP
brian.bianco@akerman.com

Julia Renee Lissner
AKERMAN LLP
julia.lissner@akerman.com

Thomas B. Fullerton
AKERMAN LLP
thomas.fullerton@akerman.com

Anthony Richard Zeuli
MERCHANT & GOULD P.C.
tzeuli@merchantgould.com

Charles Johnson Meyer
WOODARD EMHARDT HENRY REEVES & WAGNER, LLP
cmeyer@uspatent.com

Daniel James Lueders
WOODARD EMHARDT HENRY REEVES & WAGNER, LLP
lueders@uspatent.com

Joseph Dubis
MERCHANT & GOULD P.C.
jdubis@merchantgould.com

Taylor R. Stemler
MERCHANT & GOULD P.C.
tstemler@merchantgould.com

Thomas J. Leach
MERCHANT & GOULD P.C
tleach@merchantgould.com